# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-06696 MMM (AGRx) | Date | March 15, 2010 |
|---|---|---|---|

| Title | *National Marketers, LLC v. SMC Promotions, Inc. et al* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      **Order Awarding Attorneys' Fees and Costs**

On December 21, 2009, the court remanded this case to Maricopa County Superior Court due to improper removal, and granted plaintiff's request for an award of the fees and costs incurred in filing a motion to remand. In response to the court's order for detailed information supporting any award of costs and fees, plaintiff filed an application on January 10, 2010, seeking $15,576 in attorneys' fees related to the remand proceedings. Defendant did not file opposition.

The motion is currently on calendar for hearing on March 15, 2010. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument. For the reasons discussed below, the court grants plaintiff's motion for attorneys' fees in the amount of $11,475.50.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2009, plaintiff National Marketers, LLC ("National") filed this action in the Superior Court of Maricopa County, Arizona.[1] Defendants removed the action to the Central District of California on September 15, 2009,[2] and plaintiff subsequently sought remand. On December 21,

---

[1]Complaint, Exh. 1 to Notice of Removal, Docket No. 1 (Sept. 15, 2009).

[2]Notice of Removal, Docket No. 1 (Sept. 15, 2009).

2009, the court granted plaintiff's motion to remand, finding that under 28 U.S.C. § 1441(a), defendants had not removed to the proper district court.[3]  The court also granted plaintiff's request for an award of attorneys' fees and costs, finding that defendant had not put forth an objectively reasonable basis on which to remove to the Central District of California from state court in Arizona.[4]

In response to the court's order for detailed information supporting any request for costs and fees, plaintiff subsequently filed the present application, seeking $15,576 in attorneys' fees related to the remand proceedings.[5]  Specifically, plaintiff's counsel seeks $13,009.50 in fees related to efforts to remand the action and an additional $2,566.50 in fees related to the preparation of this application.[6]  Plaintiff has been represented by Barton J. Fears, a senior litigation attorney with the Law Offices of Donald W. Hudspeth, P.C in Phoenix, Arizona.[7]  Fears has an hourly billing rate of $295, and has provided billing records indicating that he spent 45.6 hours in efforts to have the case remanded and 8.7 hours preparing this application for fees, along with an additional 20.8 hours on non-billable time related to the case.[8]

## II. DISCUSSION

28 U.S.C. § 1447(c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under a fee-shifting statute such as § 1447(c), "the court must calculate awards for attorneys' fees using the lodestar method, which involves multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate, and, if circumstances warrant, adjust[ing] the lodestar to account for other factors which are not subsumed within it." *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir.2001) and *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996)) (internal quotation marks omitted); see also *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours

---

[3]Order Remanding Action to State Court, Docket No. 18 (Dec. 21, 2009).

[4]*Id.*

[5]Application for Attorneys' Fees ("Application"), Docket No. 20 (Jan. 10, 2010).

[6]Application, Exh. 1 (Declaration of Donald W. Hudspeth) ("Hudspeth Decl."), ¶ 9.

[7]*Id.*, Exh. C (Curriculum Vitae for Barton J. Fears) ("Curriculum Vitae").

[8]*Id.*, Exh. A, B.  The court notes that plaintiff's counsel appears to have deducted 1.5 hours of billable time from the 45.6 hours related to efforts to remand this action, in order to reach its request of $13,009.50 for this work.

2

reasonably expended on the litigation multiplied by a reasonable hourly rate").

The amount of any fee award must be determined by looking to the specific facts of each case. *Hensley*, 461 U.S. at 429 . "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 433, 437). Further, the Supreme Court has consistently held that reasonable fees "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The burden is on the fee applicant "to produce satisfactory evidence" of the relevant market rate. *Id.* at 896 n. 11.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). See also *Blum*, 465 U.S. at 888 (court may cut lodestar to arrive at reasonable fee); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) (establishing twelve factors to be considered in reviewing the reasonableness of an award); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006) (applying the *Kerr* factors). After calculating the lodestar amount, the court must determine whether it should be adjusted, considering the factors identified in *Kerr*: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See *Camacho*, 523 F.3d at 982; *Sakaria v. FMS Investment Corp.*, No.08-00330, 2009 WL 1322356, *2 (D. Haw. May 12, 2009); *Abad v. Williams, Cohen & Gray, Inc.*, No. C-06-2550, 2007 WL 1839910, *4 (N.D. Cal. Apr. 23, 2007).

Many of these factors, however, are subsumed in the initial lodestar calculation, see *Hensley*, 461 U.S. at 434 n. 9, and should not be double-counted. See, e.g., *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *Clark v. City of Los Angeles*, 803 F.2d 987, 990-91 (9th Cir. 1986). Some factors, moreover, deserve more weight than others. The Supreme Court has held that "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436); see also *Garland*, 489 U.S. at 790 (noting that "the degree of [the party's] success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee").

## A. Reasonableness of the Hourly Rates

"To inform and assist the court in the exercise of its discretion, the burden is on the fee

applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. "The court should use the prevailing market rate in the community for similar services of lawyers 'of reasonably comparable skill, experience, and reputation.'" *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986).

This case was originally filed in Maricopa County, Arizona, and plaintiff has been represented by Barton J. Fears, a senior litigation attorney at the Law Offices of Donald W. Hudspeth in Phoenix, Arizona.[9] Fears has eleven years of experience and an hourly billing rate of $295.[10] In support of the reasonableness of Fears' hourly rate, plaintiff has submitted a declaration from Donald W. Hudspeth attesting to the reasonableness of the rate,[11] as well as a chart of prevailing billing rates in Arizona.[12]

The relevant legal community is generally "the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997). "However, rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Id.* (citing Gates, 987 F.2d at 1405). While plaintiff suggests that the prevailing rates in Arizona should be applied here, no suggestion has been made that competent counsel could not be found in the Los Angeles legal community.[13] Further, Fears' rate of $295 is well within what has been found to be reasonable for attorneys of similar experience in California. See *Cruz v. Alhambra Sch. Dist.*, 601 F.Supp.2d 1183, 1194–95 (C.D. Cal. 2009) (finding rates to be reasonable within the community where attorney with thirteen years of experience billed $400 an hour and an attorney with nine years of experience billed $325 an hour); *Langley v. Check Game Solutions, Inc.*, No. 05-CV-2265, 2007 WL 2701345, *4 (S.D. Cal. Sept. 12, 2007) (find $350 rate reasonable for lawyer with less than ten years of experience). Based on Fears' experience and the prevailing rates in California, the court finds his rate of $295 to be reasonable.

---

[9]Curriculum Vitae.

[10]Hudspeth Decl., ¶ 5.

[11]*Id.*

[12]Application, Exh. D ("Economics of Law Practice in Arizona").

[13]*Id.* at 3–6.

**B.      Reasonableness of the Hours Expended**

A court may award attorneys' fees only for the number of hours it concludes were reasonably expended on the litigation. *Hensley*, 461 U.S. at 434 ("[Counsel] should make a good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary"). "The fee applicant bears the burden of documenting the appropriate hours expended . . . , and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at 1397; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended"); *Pac. W. Cable Co. v. City of Sacramento*, 693 F.Supp. 865, 870 (E.D. Cal. 1988) ("The cases do not indicate that every minute of an attorney's time must be documented; they do, however, require that there be adequate description of how the time was spent, whether it be on research or some other aspect of the litigation. . ."). Although the defendant has not filed opposition, the court has an independent obligation to ensure that the fees awarded are reasonable. See, e.g., *GCM Air Group, LLC v. Chevron U.S.A, Inc.*, No. 3:07-cv-00168-BES-RAM, 2009 WL 1810743, *5 (D. Nev. June 24, 2009) ("Although each GCM has not contested the reasonableness of the hours expended, the Court has an independent obligation to review them to determine if they are reasonable in light of the work performed," citing *Sealy, Inc.v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)).

Plaintiff's counsel seek fees for 54.3 hours worked, based on 45.6 hours expended by Fears in "getting this case remanded back to the Maricopa County Superior Court," and an additional 8.7 hours preparing "the [a]pplication [for attorneys' fees] and all associated documents."[14] Attorneys' fees for time spent preparing the application for attorneys' fees may be awarded. "In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir.1985). This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee. *Camacho*, 523 F.3d at 981 (citing *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 695 (9th Cir.1991)). Accordingly, the court finds that plaintiff may seek fees related to both the motion for remand and the application to recover attorneys' fees.

The Ninth Circuit has held, however, that a "reduction in hours is appropriate if the court reasonably concludes that preparation of a motion 'demanded little of counsel's time.'" *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (quoting *Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003)). Such is the case in some instances here. On September 15, Fears billed 8 hours for researching the propriety of a notice of removal filed in the wrong federal district, and

---

[14]*Id.* As noted, plaintiff's counsel appears to have deducted 1.5 hours of billable time from the 45.6 hours related to efforts to remand this action, in order to reach its request of $13,009.50 for this work based on Fears' hourly billing rate of $295.

preparing, mailing, and faxing the letter.[15]  The court notes that some of this time appears to be billed, at lawyer rates, for purely clerical or secretarial tasks.  See *Missouri v. Jenkins*, 491 U.S. at 288 ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").  The court finds this expenditure of time excessive and reduces it to 7 hours.

On November 15 and 16, Fears billed 4 hours for reviewing local court rules and drafting and preparing a notice of pendency of other actions.[16]  The court finds this expenditure of time excessive and reduces it to 1 hour.

On December 19, 20, and 21, Fears billed 26.7 hours for researching and writing the reply to defendants' response to the motion for remand.[17]  The court finds this expenditure of time excessive and reduces it to 20 hours.

Finally, plaintiff seeks fees for 8.7 hours preparing "the [a]pplication [for attorneys' fees] and all associated documents."[18]  The court finds this expenditure of time excessive and reduces it to 4 hours.

Therefore, the court reduces the total number of hours Fears estimates for work on the remand by 15.4 hours from 54.3 to 38.9.  The court finds this amount of time reasonable.  At a rate of $295.00 per hour, plaintiff is entitled to a fee award of $11,475.50 for Fears' time.

### C.      Final Calculation of Fee Award

Based on the foregoing, the court calculates the lodestar as follows:

Barton J. Fears           38.9 hrs                x          $295.00/hr     =        $11,475.50

The court believes this amount is adequate to compensates plaintiff for its attorney's work in this case.  Therefore, the court will award $11,475.50

### III.  CONCLUSION

For the reasons stated, the court concludes that plaintiff is entitled an award of attorneys' fees of $11,475.50.

---

[15]Application, Exh. B.

[16]*Id.*

[17]*Id.*

[18]*Id.*